IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RITA LUNA CASIAS,

        Plaintiff,

v.                                                            1:18-cv-00537-LF

ANDREW M. SAUL, Commissioner
of the Social Security Administration,[1]

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on plaintiff Rita Luna Casias's[2] Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 14), which was fully briefed on January 28, 2019. *See* Docs. 16, 21, 22. The parties consented to my entering final judgment in this case. Docs. 5, 6, 7. Having carefully reviewed the parties' submissions, the administrative record, and the relevant law, I find that the Appeals Council erred by failing to consider the additional evidence submitted by Ms. Casias. I therefore GRANT Ms. Casias's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

### I.    **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] In the title of this case on the docket, plaintiff's name is hyphenated and reads "Luna-Casias." The caption on the complaint and other documents, however, do not hyphenate Ms. Casias's name. In the briefing, plaintiff is referred to as "Ms. Casias." Accordingly, the Court will refer to plaintiff as "Ms. Casias."

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted).

In the typical case, the Court's decision is based on a "meticulous" review of the entire record, where it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007). This case, however, can be resolved on an error of law. The Court read and carefully considered all portions of the record that bear on the legal arguments raised by Ms. Casias, but the Court did not review every page of the medical documents in detail, as is usually the case. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) ("[W]e meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."). In this case, because "the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**II.     Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A);

20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III.  Background and Procedural History

Ms. Casias was born in 1952, completed high school and a few basic college courses, and lives with her husband. AR 41, 96.[4] She has worked as a custodian, electronics assembler, and an explosives truck driver. AR 45, 48, 81, 92–3, 212. Ms. Casias filed an application for Disability Insurance Benefits ("DIB") on February 18, 2015, alleging disability since February 9, 2015, due to complete knee replacement. AR 186–87, 211. The Social Security Administration ("SSA") denied her claim initially and on reconsideration. AR 96–114. Ms. Casias requested a

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Document 11-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

hearing before an ALJ. AR 127–28. On April 6, 2017, ALJ Michael Leppala held a hearing. AR 33–95. ALJ Leppala issued his unfavorable decision on October 18, 2017. AR 18–32.

The ALJ found that Ms. Casias met the insured status requirements of the Social Security Act through June 30, 2018. AR 23. At step one, the ALJ found that Ms. Casias had not engaged in substantial, gainful activity since February 9, 2015, her alleged onset date. *Id*. At step two, the ALJ found that Ms. Casias's status post total right knee replacement was a severe impairment. *Id*. The ALJ also found that her vertigo was a non-severe impairment and her anxiety was a non-medically determinable impairment. AR 23–24. At step three, the ALJ found that none of Ms. Casias's impairments, alone or in combination, met or medically equaled a Listing. AR 24. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Casias's RFC. AR 24–27. The ALJ found Ms. Casias had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except the Claimant is capable of occasionally lifting and/or carrying twenty pounds, frequently lifting and/or carrying ten pounds, standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight[-]hour workday, all with normal breaks. The Claimant is further limited to occasionally climbing ramps or stairs, never climbing ladders, ropes, or scaffolds, frequently balancing, occasionally stooping, occasionally kneeling, occasionally crouching, and occasionally crawling.

AR 24.

At step four, the ALJ concluded that Ms. Casias was capable of performing her past relevant work as an electronic assembler as it was actually and generally performed. AR 27–28. The ALJ thus found Ms. Casias not disabled at step four. AR 28.

Ms. Casias requested that the Appeals Council review the ALJ's unfavorable decision. AR 183–85. Ms. Casias submitted additional evidence to the Appeals Council. *See* AR 10–11. The Appeals Council did not consider or "exhibit" the additional evidence and found it "does not

5

relate to the period at issue." AR 2. On April 10, 2016, the Appeals Council denied the request for review. AR 1–5. Ms. Casias timely filed her appeal to this Court on June 11, 2018. Doc. 1.[5]

### IV.     Ms. Casias's Claims

Ms. Casias raises four arguments for reversing and remanding this case: (1) the Appeals Council erred in determining that the additional evidence did not constitute new, material, and chronologically pertinent evidence; (2) the ALJ erred by improperly rejecting the March 2017 opinion of her treating provider Anthony Reeve, M.D.; (3) the ALJ's RFC is not supported by substantial evidence; and (4) the ALJ's finding at step four is not supported by substantial evidence. Doc. 14 at 2, 10–23. I find that the Appeals Council erred by failing to consider additional evidence submitted by Ms. Casias. Because the Appeals Council failed to consider the new evidence Ms. Casias submitted, the case will be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the completed record.

### V.     Analysis

The ALJ issued his unfavorable decision on October 18, 2017. *See* AR 12–31. Thereafter, Ms. Casias submitted additional evidence and requested that the Appeals Council consider the "Assessment of Ability to do Work-Related Activities (Physical & Non-Physical) from Dr. Anthony Reeve, MD, dated 02/02/2018." AR 9–11.[6] The Appeals Council erred by failing to consider the additional evidence submitted by Ms. Casias. The Appeals Council found that because the ALJ decided Ms. Casias's case though October 18, 2017, the additional

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 3.

[6] The Appeals Council notes that the additional evidence consists of four pages. AR 2. According to Ms. Casias, however, the additional evidence is only two pages. Doc. 14 at 11; AR 10–11. The Court presumes that the Appeal Council's reference to "4 pages" is a typographical error.

evidence "does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 18, 2017." AR 2. The Appeals Council, thus, did not consider the additional evidence submitted by Ms. Casias. *See Padilla v. Colvin,* 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) ("[T]he Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all."). Having considered the parties' arguments and the applicable law, I find that the ALJ erred in failing to consider the new evidence submitted by Ms. Casias.

As an initial matter, the Commissioner contends that any argument that the Appeals Council erred by failing to review or remand the case is not legally sound and that only the ALJ's decision is subject to judicial review. Doc. 16 at 7. The Commissioner's argument is misplaced. The Court is not determining whether the Appeals Council erred by failing to review or remand the case, but whether the new evidence submitted by Ms. Casias qualifies for consideration by the Appeals Council. Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart,* 353 F.3d 1185, 1191 (10th Cir. 2003).

The regulations require that the Appeals Council review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (effective Jan. 17, 2017).[7] Evidence is new

---

[7] The requirement that the additional evidence create a "reasonable probability" of changing the outcome of the decision was added to the regulations on January 17, 2017, with compliance required by May 1, 2017. *See* 81 Fed. Reg. 90,987, 2016 WL 7242991 (Dec. 16, 2016) (Final Rule).

7

"if it is not duplicative or cumulative," material "if there is a reasonable possibility that it would have changed the outcome," and it is "chronologically pertinent" when it "relates to the period before the ALJ's decision." *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks omitted). The regulations that require a claimant to show a "reasonable *probability* that the additional evidence would change the outcome of the decision" can be read as a heightened materiality standard. *See Bisbee v. Berryhill*, No. 18-CV-0731 SMV, 2019 WL 1129459, at *3 n.5 (D.N.M. Mar. 12, 2019) (unpublished) (noting that the new regulations "heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable possibility of changing the outcome, now it requires a reasonable probability of changing the outcome").

If the evidence does not qualify for consideration by the Appeals Council, "it plays no further role in judicial review of the Commissioner's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). If the evidence does qualify and the Appeals Council considers it in connection with its review, it becomes part of the record assessed by the district court in evaluating the Commissioner's denial of benefits. *Id*. If, however, the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the completed record. *Id.* For the reasons explained below, the Court finds that Ms. Casias submitted evidence that was new, material, and chronologically pertinent. Because the Appeals Council failed to consider the qualifying new evidence, the case will be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the completed record.[8]

---

[8] The Commissioner cites *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017), arguing that when additional evidence is submitted to the Appeals Council, it becomes a part of the record and must be considered by the Court under a substantial evidence evaluation. Doc. 16 at 7–8. The

First, the additional evidence is new because it is not duplicative or cumulative. In March 2017, Dr. Reeve filled out a form entitled "Treating Physician Medical Opinion of Ability to do Work-Related Activities – Physical" in which he expressed his opinion about Ms. Casias's physical abilities (the "March 2017" opinion). AR 613–14. Dr. Reeve's March 2017 opinion was part of the record reviewed and weighed by the ALJ. AR 26. The additional evidence submitted by Ms. Casias to the Appeals Council are forms entitled "Medical Assessment of Ability to do Work-Related Activities (Physical)," and "Medical Assessment of Ability to do Work-Related Activities (Non-Physical)," dated February 2, 2018 (collectively the "February 2018" opinion). AR 10–11. In the February 2018 opinion, Dr. Reeves offered his view of Ms. Casias's ability to perform both physical and non-physical work activities. *Id.*

The Commissioner contends that Dr. Reeve's February 2018 opinion is not new but is cumulative because it contains opinions about Ms. Casias's physical abilities that are "almost identical" to Dr. Reeve's March 2017 opinion. Doc. 16 at 8. Although Dr. Reeve's February 2018 opinion is similar to his prior opinion, there are differences. In the March 2017 opinion, Dr. Reeve opined that Ms. Casias could sit for four to six hours, she had "No Useful Ability" to crouch, and she could occasionally lift 5 pounds. AR 613. In his February 2018 opinion, Dr. Reeve opined that Ms. Casias could sit **less than** 4 hours, **occasionally** crouch, and could occasionally lift **less than** 5 pounds. AR 10. The opinions are otherwise identical with regard to physical abilities. *Compare* AR 10 *with* AR 613.

---

Commissioner's reliance on *Vallejo* is misplaced. In *Vallejo*, the Appeals Council considered the new evidence, but denied review finding that the new evidence did not provide a basis changing the ALJ's decision. *Vallejo*, 849 F.3d at 953. In this case, the Appeals Council did not consider the new evidence because it found the evidence did not qualify for consideration at all. AR 2; *Padilla*, 525 F. App'x at 712. Consequently, remand, rather than a substantial evidence evaluation, is appropriate.

9

But beyond Ms. Casias's physical abilities, Dr. Reeve offered opinions in February 2018 that he did not express in the March 2017 opinion. His February 2018 opinion includes "Impairment & Symptoms & Manifestations," which states that Ms. Casias suffers from a pain-producing impairment, that the pain is severe, and that the pain causes sleep disturbances and the need to rest or lie down at regular intervals. AR 11. "In determining whether an individual is disabled, [the SSA will] consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3P, 2017 WL 5180304, at *2. The February 2018 opinion also included "Limitations Affecting Non-Physical Work Activities," in which Dr. Reeve opined that Ms. Casias had moderate limitations in

> Maintain[ing] attention and concentration for extended periods (i.e. 2-hour segments);
>
> Perform[ing] activities within a schedule;
>
> Maintain[ing] regular attendance and be[ing] punctual within customary tolerance;
>
> Maintain[ing] physical effort for long periods without a need to decrease activity or pace, or to rest intermittently;
>
> Sustain[ing] an ordinary routine without special supervision; [and]
>
> Complet[ing] a normal workday and workweek without interruptions form pain or fatigue[-]based symptoms and to perform at a consistent pace without [an] unreasonable number and length of rest periods.

AR 11.

"A moderate impairment is not the same as no impairment at all." *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)) (internal quotations and brackets omitted). Almost all the abilities listed in the "Limitations Affecting Non-Physical Work Activities" are abilities needed for any job. Social

10

Security Program Operations Manual System ("POMS") DI 25020.010(B)(2)(a), http://policy.ssa.gov/poms.nsf/lnx/0425020010.  Ms. Casias's limitations from pain symptoms and the non-physical moderate impairments found by Dr. Reeve in February 2018 are not duplicative or cumulative, but are new evidence.

Second, the evidence is material because there is a reasonable probability that the additional evidence would change the outcome of the decision.  Dr. Reeve's February 2018 opinion includes moderate impairments not accounted for in the RFC, significantly undermining the requirement that the RFC be supported by substantial evidence.  Indeed, the RFC does not account for any non-physical limitations.  *See* AR 24.  The February 2018 opinion corroborates Ms. Casias's allegations of pain, which the ALJ discounted.  *See* AR 25–26 ("the Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . .").  Also, Dr. Reeve's February 2018 opinion, if adopted, places limitations on Ms. Casias's ability to do non-physical, work-related activities that necessitates a more restrictive RFC than the ALJ assessed that could reasonably lead to the Commissioner finding Ms. Casias disabled.  Because there is a reasonable probability that the additional evidence would change the outcome of the decision, the additional evidence is material.

Third, the additional evidence is chronologically pertinent because it relates to a time period before the ALJ's decision.  The Commissioner argues that Dr. Reeve's February 2018 opinion is not chronologically pertinent because "it was written four months after the ALJ's October 2017 decision."  Doc. 16 at 8.  This argument is without merit.  Although it is undisputed that Dr. Reeve's February 2018 opinion is dated four months after the ALJ's decision, the opinion relates to the time period at issue.  In *Padilla v. Colvin*, the Tenth Circuit

provided guidance on what constitutes "chronologically pertinent" evidence. 525 F. App'x at 712 n.1. The court did not require that evidence newly submitted to the Appeals Council necessarily pre-date the ALJ's decision to qualify as chronologically pertinent. *Id.* Rather, the court focused on whether the new evidence was pertinent to the issues that had been before the ALJ. *Id.*

In this case, the new evidence was pertinent to the issues that had been before the ALJ. Ms. Casias testified that she suffered pain because of her knee replacement. AR 59–60, 66–69. Additionally, the moderate limitations found by Dr. Reeve in his February 2018 opinion would affect Ms. Casias's non-physical abilities to do any job. Thus, the new evidence is pertinent to the issues that had been before the ALJ.

Additionally, the date of the opinion is not determinative if the medical assessment is retrospective. *See Rivera v. Colvin*, No. 15CV593 WPL, 2016 WL 9819512, at *5 (D.N.M. Oct. 18, 2016) (finding the introductory sentence of the Medical Assessment of Ability to do Work-Related Activities form that requested the medical provider to "consider patient's medical history and the chronicity of finds as from 2011 to current examination" required a retrospective assessment); *see also Chavez v. Berryhill*, No. 16-CV-1253 SMV, 2017 WL 5157755, at *5 (D.N.M. Nov. 6, 2017) (finding the medical opinion chronologically pertinent in part because at least one form was "explicitly retroactive," requesting that the doctor "consider the patient's medical history and chronicity of findings as from a year prior to initial visit to current examination."); *Martinez v. Colvin*, No. CV 14-1134 KK, 2016 WL 10587983, at *10 (D.N.M. Mar. 21, 2016) (finding chronicity where the medical source statements made a direct reference to the time period adjudicated by the ALJ and the doctor's treating source relationship correlated with the time period referenced in the medical source statements). Dr. Reeve's February 2018

opinion is retrospective. Ms. Casias's alleged onset date was February 2, 2015. AR 21, 23. A claimant must establish that he or she has a severe medically determinable impairment or a combination of impairments that has lasted or is expected to last for at least one year. 20 C.F.R. § 404.1520(a)(4)(iii). Thus, the time period the ALJ adjudicated in this case was between February 2, 2015 and February 2, 2016. The introductory sentences of the February 2018 medical assessments include the statement: "Please consider the patient's medical history and the chronicity of findings as from 2015 to current examination," AR 10, 11, indicating explicitly that the opinion is retroactive to 2015. Thus, the opinion specifically refers to the time period adjudicated by the ALJ. Moreover, Dr. Reeve's treating source relationship with Ms. Casias precisely correlates with the time period referenced in the medical assessments. AR 287–88, 476, 486 (establishing treatment by Dr. Reeve between April 7, 2015 and September 10, 2015). Accordingly, Dr. Reeve's February 2018 opinion is retrospective, and the date it was created is not relevant.

Because Dr. Reeve's February 2018 opinion was pertinent to the issues that had been before the ALJ and retrospective to the relevant time period, it is chronologically pertinent.

## VI. Conclusion

The evidence Ms. Casias submitted to the Appeals Council is new, material, and chronologically pertinent. Thus, the newly submitted evidence qualifies for consideration by the Appeals Council. The Appeals Council erred by failing to consider the additional qualifying evidence Ms. Casias submitted. The Court remands this case so that the Appeals Council may reevaluate the ALJ's decision in light of the completed record.

IT IS THEREFORE ORDERED that plaintiff Rita Luna-Casias's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 14) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent